[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15309
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cv-00013-MTT-MSH


RICO STERLING,

                                                                                    Plaintiff,

WASEEM DAKER,

                                                                            Movant-Appellant,

versus

WARDEN ERIC SELLERS,
Hancock State Prison,
in his individual and official capacity,
GEORGE IVEY,
Deputy Warden, Hancock State Prison,
in his individual and official capacity,

                                                                         Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 29, 2020)

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a state prisoner proceeding *pro se*, appeals from the district court's denial of his motion to intervene, as of right or with permission, in another inmate's civil rights action. He argues that the district court erred in denying his motion because he met all four requirements for intervention as of right under Federal Rule of Civil Procedure 24(a)(2). He also argues that the district court abused its discretion in denying him permissive intervention. Because we conclude the district court correctly denied the motion to intervene, we dismiss the appeal for lack of jurisdiction.

## I.    Background

Rico Sterling, a prisoner confined at the Georgia Department of Corrections's ("GDC") Hancock State Prison ("HSP"), filed a *pro se* 42 U.S.C. § 1983 complaint against HSP's warden, Eric Sellers, and HSP's deputy warden of security, George Ivey, in their individual and official capacities (collectively, "the defendants"). Sterling alleged that: (1) Ivey harassed and punished him and other Muslim prisoners at HSP, in retaliation for them practicing their Muslim faith,

2

engaging in group prayer, and filing administrative complaints; and (2) Sellers both encouraged and failed to correct Ivey's conduct, all in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The defendants moved to dismiss Sterling's complaint, and the district court dismissed Sterling's individual-capacity RLUIPA and official-capacity retaliation claims, but allowed his First Amendment retaliation claims against the defendants in their individual-capacity, as well as the official-capacity RLUIPA and free exercise claims against the defendants in their official capacity, to proceed.

Over a year after the filing of Sterling's complaint, Daker moved to intervene, as of right or with permission, in the action. Daker asserted that he was a Muslim prisoner confined at the GDC's Georgia State Prison ("GSP"), and that GDC's deputy facilities director had issued a statewide memorandum in 2015 that restricted inmates' ability to practice religion in groups. As a result, GSP officials issued a policy requiring inmates to pray in their assigned cells. Daker also alleged that GSP security officers interrupted his congregational prayers by threatening disciplinary action or use of force and that, in at least two instances, GSP guards used force to prevent Muslim prisoners from praying together. Based on these facts, Daker argued that he met all the requirements for intervention as of right and permissive intervention under Rule 24.

3

The magistrate judge issued a report and recommendation ("R&R") recommending the denial of Daker's motion to intervene as of right because he was seeking "relief for different claims, based on wholly different facts and allegedly perpetrated by different actors with different result." Specifically, because Daker was incarcerated at a different prison facility than Sterling and presented different legal issues than Sterling, Daker could not claim any "actual legal interest relating to the property or transaction that was the subject of [Sterling's] action." Additionally, the magistrate judge recommended that the court deny permissive intervention because Daker was attempting to circumvent the three-strikes provision of the Prison Litigation Reform Act ("PLRA").[1]

The district court adopted the R&R and denied Daker's motion to intervene. Daker timely appealed.[2]

## II.    Standard of Review & Jurisdiction

We have provisional jurisdiction under the "anomalous rule" to review an order denying intervention. *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special*

---

[1] The magistrate judge based this recommendation in part on the fact that Daker was a frequent filer, who had filed "numerous meritless suits" and had not prepaid a filing fee in the instant action, and therefore, he "should not be permitted to utilize a motion to intervene to avoid prepaying the filing fee such that he can engage in abusive litigation."

[2] While Daker's appeal was pending in this Court, the parties settled, and the underlying case was dismissed. We previously issued a separate jurisdictional question in this case concerning whether Daker still had standing in light of the underlying settlement. Because we conclude that the district court's denial of Daker's motion to intervene was correct and therefore lack jurisdiction in any event, we do not reach the standing question.

*Taxing Dist.*, 983 F.2d 211, 214 (11th Cir. 1993).  If the district court's decision was correct, we must dismiss the appeal for lack of jurisdiction.  *See id.*  If the district court erred in denying a motion to intervene, we retain jurisdiction and must reverse.  *See id.*

We review a denial of a motion to intervene as of right *de novo*, whereas the denial of a motion for permissive intervention is reviewed for an abuse of discretion.  *United States v. City of Miami*, 278 F.3d 1174, 1178 (11th Cir. 2002); *Walters v. City of Atlanta*, 803 F.2d 1135, 1150 n.16 (11th Cir. 1986).

### III.    Discussion

Dakar does not meet the requirements to intervene as of right.  A party seeking to intervene as of right under Rule 24 must show that: (1) his motion to intervene is timely; (2) "he has an interest relating to the property or transaction which is the subject of the action"; (3) the disposition of the action may impede or impair his ability to protect that interest; and (4) his interest is not represented adequately by the existing parties to the suit.  *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989); *see also* Fed. R. Civ. P. 24(a)(2).  "If he establishes each of the four requirements, the district court must allow him to intervene." *Chiles*, 865 F.2d at 1213.

Daker has not shown that he has a legally protected interest in the underlying litigation, the second requirement for intervention as of right.  Daker is imprisoned

at a different facility than where the acts complained of in the lawsuit took place and has alleged no contact with the defendants at issue. Daker argues that the "real" defendant of the lawsuit is the GDC as an entity because the officers are being sued in their official capacity and because the policies complained of were the result of a state-wide policy. But Sterling's complaint revolves around the policy at HSP and the conduct of two HSP officers. There are no facts in the complaint which suggest that the complained-of policy was statewide.[3] Daker cannot rewrite the nature of the underlying lawsuit to construct a particularized interest in the transaction that he does not otherwise have. *See id.* at 1212 (explaining that "an intervenor's interest must be a particularized interest rather than a general grievance.").

We also conclude that the district court did not abuse its discretion in denying permissive intervention. A district court may permit a party to permissibly intervene under Rule 24 if the party is given a conditional right to do so by a federal statute, or he "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The district

---

[3] Similar to Dakar's allegation of an official memorandum regarding inmates' ability to practice their religion, Sterling mentions that the defendants acted out in part because of a "memorandum issued by then Warden Glen Johnson." But "Warden . . . Johnson" was the warden at HSP, and Daker is not confined at HSP. Further, Sterling specifically ties the defendants' actions to Ivey's personal history with Muslim prisoners, rather than a statewide policy. And Sterling alleges incidents starting in 2012, while the statewide memorandum that Daker alleges to exist was purportedly issued in 2015.

court has great discretion in this matter, and even if all the requirements of Rule 24(b) are met, the district court may still deny intervention. *See Worlds v. Dep't of Health & Rehab. Sers., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991). Because Daker has so little in common with the underlying case, it was certainly not an abuse of discretion to deny Daker permissive intervention in the present case.[4] Accordingly, because the district court correctly denied intervention, both of right and permissive, we must dismiss this appeal for lack of jurisdiction. *Fed. Sav. & Loan Ins. Corp.*, 983 F.2d at 214.

**DISMISSED.**

---

[4] Daker argues that the district court abused its discretion because the decision to deny his motion was based on an erroneous understanding of the law regarding PLRA and intervention. In light of our conclusion that Daker's motion for permissive intervention was appropriately denied on another ground, we need not reach the merits of Daker's arguments. *See Equal Employment Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1322 (11th Cir. 2019) (upholding a district court's resolution of case despite an erroneous lack of consideration for a motion to intervene under the harmless error doctrine).